PALMER HOLMES, appellant *v.* GEORGE B. PARKER and SAMUEL H. McCRORY, appellees.

*Appeal from Peoria.*

Where papers which are lodged in the clerk's office, but are *not marked filed,* are incorporated into a record from the Court below, a writ of *certiorari* may be issued to the clerk, to send up a true record.

Where a bill of exceptions signed and sealed by the judge, and an appeal bond, were lodged in the clerk's office, but *not marked filed: Held* that they were not part of the record in the cause, and that the appeal must be dismissed.

AT the December term, 1838, of this Court, the attorney for the appellee, made affidavit that so much of the record in this cause, as stated that an appeal was prayed and granted, and a bill of exceptions tendered, allowed, signed, and sealed, and ordered to be made a part of the record, which was done, &c. (although a correct statement of what transpired in Court,) was an interpolation of the person who transcribed the record, and obtained a writ of *certiorari* to the Court below, to send up a true record.

The clerk, in obedience to the writ, certified that among the papers in the case, were the bill of exceptions signed and sealed by the judge, and the appeal bond mentioned in the exemplification of the record before sent up, but the same were *not marked filed.*

At the present term of this Court, the counsel for the appellees moved to dismiss the appeal, because the record show no order granting the appeal. Thereupon the counsel for the appellant moved to quash the writ of *certiorari* and return thereto, on the ground that such a writ can only be issued upon an allegation of a diminution of the record.

W. FRISBY and G. T. METCALF, for the appellees.

S. T. LOGAN, for the appellant.

*Per Curiam:*

The *certiorari* was properly granted. If in a case like the present, the writ could not issue, there might be no remedy for an interpolation of a record.

The appeal must be dismissed.

*Appeal dismissed.*

*Note.* See Mitcheltree *v.* Sparks, *Ante* 122; Vanlandingham *v.* Fellows *et al., Ante* 233.